UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, Plaintiffs, v. ATLAS DRILLING, LLC, EDWARD LYNCH, and JESSICA OSIER, Defendants, and BANK OF AMERICA, Trustee Process Defendant | CIVIL ACTION NO. |

## VERIFIED COMPLAINT
## FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts, including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gregory A. Geiman is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gregory A. Geiman is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level. The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 1125 17th Street, NW Washington, DC 20036. Gregory A. Geiman, as Administrator, has been authorized to collect contributions on behalf of the National Training Fund.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They, along with the Joint Labor-Management Cooperation Trust, are hereinafter collectively referred to as "the Funds."

10. Defendant Atlas Drilling LLC ("Atlas Drilling") is a Massachusetts limited liability company with a principal place of business at 85 Constitution Lane, Suite 100F, Danvers, MA 01923 and a resident agent for service of process Registered Agents Inc., 82 Wendell Ave., Suite 100, Pittsfield, MA 01201.

11. Defendant Edward Lynch is an individual who, upon information and belief, is a manager of Defendant Atlas Drilling, with an address of 1 Crossman Lane, Danvers, MA 01923. Upon information and belief, Mr. Lynch exercises control and discretion over the payroll of

Defendant Atlas Drilling, including decisions regarding incurring and paying amounts due the Funds, is a fiduciary to the Funds with respect to 401(k) elective deferral amounts deducted from employees' wages but not remitted to the Funds, and bears individual liability for such amounts.

12. Defendant Jessica Osier is an individual who, upon information and belief, is a manager of the Defendant Atlas Drilling, with an address of 85 Constitution Lane, Danvers, MA 01923. Upon information and belief, Ms. Osier exercises control and discretion over the payroll of Defendant Atlas Drilling, including decisions regarding incurring and paying amounts due the Funds, is a fiduciary to the Funds with respect to 401(k) elective deferral amounts deducted from employees' wages but not remitted to the Funds, and bears individual liability for such amounts.

13. Trustee Process Defendant Bank of America is a banking institution which, on information and belief, is holding assets of the defendant.

## FACTS

14. On or about January 7, 2016, Defendant Atlas Drilling agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of Atlas Drilling's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

15. Because of the Short Form Agreement, Defendant Atlas Drilling is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from June 1, 2018 through May 31, 2022 ("CBA"), a copy of which is attached hereto as Exhibit B.

16. The CBA requires each employer such as Atlas Drilling to make contributions to the Plaintiff Funds for each payroll hour for each employee covered by the CBA and to pay

interest on late payments at the rate of one percent (1%) per month. If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan. Interest on late-paid elective deferral amounts that employers have deducted from employees' wages are assessed in accordance with rules and regulations of the U.S. Department of Labor ("DOL").

17. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). Those amounts deducted from employees' wages are remitted to the Funds, which have been authorized to collect those amounts on behalf of the Union.

18. The employer is required to submit monthly remittance reports no later than the 19th day of the month following the month in which work is performed. Remittance reports delineate payroll hours for each of their covered employees for work performed in the previous month. The Funds allocate the contributions according to the employers' remittance reports. The Funds periodically perform audits of employers' payroll records to verify the amounts reported by employers on their remittance reports.

19. Upon information and belief, Defendant Atlas Drilling has performed work under the CBA but has failed to remit any of the benefit contributions, 401(k) elective deferrals, working dues and SAC contributions deducted from employees' wages for work performed in the months of March 2021 to present ("Delinquency Period"). Based on the remittance report submitted for April 2021 in the principal amount of $26,392.28, and a 12-month average estimate for the unreported months of May and June 2021, $26,559.59 for each unreported

month, the Funds estimate that the total principal amount owed for the Delinquency Period is $79,511.46.

20.     Remittance reports that the Defendant Atlas Drilling submitted to the Funds for the months prior to the current delinquency show that elective deferrals were being deducted from employees' wages, and the Funds are informed and believe that elective deferrals continued to be deducted from employees' wages during the Delinquency Period.  Of the estimated unpaid benefit contributions of $79,511.46, the Funds estimate that $1,905.22 is the amount of 401(k) elective deferrals that the defendants deducted from employees' wages and did not remit to the Annuity Fund during the Delinquency Period.

21.     The Funds sent notices of the delinquency to Atlas Drilling after the first month's delinquency and a second notice after the second month's delinquency.

22.     Atlas Drilling owes continuing interest at the rate of 1% per month from the date benefit contributions are due to the date they are paid.  Interest and lost earnings on elective deferrals are calculated according to DOL rules and regulations.  Atlas Drilling also owes legal fees and costs of collection incurred by the Funds in this matter.  Interest, lost earnings, and legal fees and costs continue to accrue.

23.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS**

24.     Plaintiffs incorporate by reference herein Paragraphs 1-23 above.

25.     The failure of Defendant Atlas Drilling to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

26.     Absent an order from this Court, Defendant Atlas Drilling will continue to refuse to report hours and pay the amounts owed to the Funds, and the Funds and their participants will be irreparably damaged.

### COUNT II - VIOLATION OF LMRA – DELINQUENT CONTRIBUTIONS

27.     Plaintiffs incorporate by reference herein Paragraphs 1-26 above.

28.     The failure of Defendant Atlas Drilling to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF LMRA – DEDUCTIONS FROM EMPLOYEES' WAGES

29.     Plaintiffs incorporate by reference herein Paragraphs 1-28 above.

30.     The failure of Defendant Atlas Drilling to remit Union dues, SAC contributions, and 401(k) elective deferrals that it deducted from its employees' wages but did not remit to the Funds as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT IV – VIOLATION OF ERISA - BREACH OF FIDUCIARY DUTY BY DEFENDANTS LYNCH AND OSIER

31.     Plaintiffs incorporate by reference herein Paragraphs 1-30 above.

32.     On information and belief, individual defendants Edward Lynch and Jessica Osier deducted monies from employees' wages but failed to pay those monies to the Funds.  When Atlas Drilling's employees elected to defer a portion of their pre-tax wages into the Annuity and Savings 401(k) Fund, such elective deferrals became plan assets within the meaning of 29 C.F.R.

§2510.3-102. By exercising dominion and control over these plan assets, Defendants Lynch and Osier became fiduciaries within the meaning of §3(21) of ERISA, 29 U.S.C. §1002(21).

31. On information and belief, Defendants Lynch and Osier retained those plan assets and converted them to the use of themselves and/or others. As a result, Defendants Lynch and Osier breached their fiduciary duties to the Plaintiff Funds in violation of Sections 404 and 409 of ERISA, 29 U.S.C. §§ 1104, 1109.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the accounts of the Defendant Atlas Drilling at Bank of America up to the amount of $79,511.46;

b. Order the attachment of the machinery, inventory, and accounts receivable of the Defendant Atlas Drilling up to the amount of $79,511.46;

c. Order the attachment of real estate standing in the name of the Defendant Atlas Drilling up to the amount of $79,511.46;

d. Order the attachment by trustee process of the accounts of the Defendants Edward Lynch and Jessica Osier at Bank of America up to the amount of $1,905.22;

e. Order the attachment of the machinery, inventory, and accounts receivable of the Defendants Edward Lynch and Jessica Osier up to the amount of $1,905.22;

f. Order the attachment of real estate standing in the name of the Defendants Edward Lynch and Jessica Osier up to the amount of $1,905.22;

g. Order the Defendants to make available to the Plaintiff Funds or their duly authorized representative and/or auditor all books and records, including payroll records, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly

payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from March 1, 2021 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

      h.      Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to make contributions to Plaintiff Funds and remit elective deferrals deducted from employees' wages;

      i.      Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to remit Union dues and SAC contributions deducted from employees' wages;

      j.      Enter judgment in favor of the Plaintiff Funds against the Defendant Atlas Drilling in the amount of unpaid benefit contributions for the period April 2021 to present, continuing interest on unpaid contributions at the rate of 1% per month from the date due to the date paid, past-due interest on late-paid contributions, 401(k) elective deferrals, lost earnings, and interest thereon at the prescribed rate, working dues and SAC contributions deducted from employee wages, together with statutory liquidated damages, auditor's fees, and legal fees and costs of collection through the date of final payment, along with all other amounts that may fall due during the pendency of this action; and

      k.      Enter judgment in favor of the Plaintiff Funds against the Defendants Edward Lynch and Jessica Osier in the amount of 401(k) elective deferrals that were deducted from employees' wages and are being held by the Defendants in their capacity as a fiduciaries to the Fund, along with lost earnings and interest owed thereon pursuant to federal law, statutory liquidated damages, and legal fees and costs of collection together with any amounts that fall due during the pendency of this action;

l.       Such further and other relief as this Court deems appropriate.

>GREGORY A. GEIMAN, as he is
>ADMINISTRATOR, INTERNATIONAL UNION
>OF OPERATING ENGINEERS LOCAL 4
>HEALTH AND WELFARE, PENSION,
>ANNUITY AND SAVINGS FUNDS, et al.,
>
>By their attorney,
>
>/s/ Kathryn S. Shea
>Kathryn S. Shea, BBO #547188
>Law Office of Kathryn S. Shea
>108 Trowbridge St., Third Floor
>Cambridge, MA 02138
>kate@kateshealaw.com
>(617) 851-4350

Dated: July 19, 2021

## VERIFICATION

I, Gregory A. Geiman, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, as to which I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19th DAY OF JULY, 2021.

>/s/ Gregory A. Geiman
>Gregory A. Geiman